**FIRST NATIONAL BANK OF SALEM, Appellee,**

v.

**Robert J. WRIGHT, Trustee, Evangelical Oregon Trust, Appellant, Marion Phillips, Leona Phillips.**

**No. 85–1945.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 24, 1985.

Decided Oct. 15, 1985.

Robert J. Wright, pro se.

James D. Edgar of St. Louis, Mo., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Robert J. Wright, Trustee of the Evangelical Oregon Trust, appeals from the district court's [1] order remanding this case to the Circuit Court of Dent County, Missouri, where it was originally filed, because complete diversity of citizenship was lacking and the case was not properly removable to the federal court. On appeal, he argues that the district court erred because it did not hold an evidentiary hearing to determine the real parties in interest. We affirm the judgment of the district court.

This action was brought by the First National Bank of Salem alleging that Leona and Marion Phillips had borrowed money from it and executed notes and deeds of trust on certain real property to secure the notes. It was alleged that a foreclosure sale was held on March 27, 1985 with respect to both parcels of real estate. It also was alleged that on March 27, 1985 the Phillipses executed a general warranty deed for each tract of real estate foreclosed upon by the First National Bank conveying title to Robert J. Wright, Trustee, Evangelical Oregon Trust. The bank was alleged to be a Missouri corporation with its principal place of business in Missouri and the Phillipses to be residents of Missouri.

Wright's address was given as Oregon and it was alleged that the Evangelical Oregon Trust was organized in the State of Oregon. Wright and the Phillipses filed a petition for removal. A motion objecting to removal was filed by the bank. On July 3, 1985, the district court entered its order denying the petition for removal and remanding the case to the Circuit Court of Dent County, Missouri. On July 12, 1985, the Phillipses filed with the clerk of the court a letter stating that they had not had any right, title or interest in the real estate since March 27, 1985, other than a rental lease agreement with the Evangelical Oregon Trust. This appeal followed.

A defendant may remove any civil action brought in state court when the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a) (1982). If the federal court determines that no federal jurisdiction exists, it must remand the case back to state court. 28 U.S.C. § 1447(c) (1982). A remand order cannot be reviewed on appeal or otherwise, 28 U.S.C. § 1447(d) (1982), unless the district court remands the case on grounds not authorized by statute. *Thermtron Products v. Hermansdorfer*, 423 U.S. 336, 351–52, 96 S.Ct. 584, 593, 46 L.Ed.2d 542 (1976). The Supreme Court has been explicit in holding that the courts of appeals have no jurisdiction to review remand orders:

There is no doubt that in order to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues, [citation omitted] Congress immunized from all forms of appellate review any remand order issued on the grounds specified in § 1447(c), whether or not that order might be deemed erroneous by an appellate court.

*Id.* at 351, 96 S.Ct. at 593. Consequently, "[w]here the order is based on one of the enumerated grounds, review is unavailable no matter how plain the legal error in ordering the remand." *Briscoe v. Bell*, 432

---

**1.** The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

U.S. 404, 414 n. 13, 97 S.Ct. 2428, 2433 n. 13, 53 L.Ed.2d 439 (1977). The only exception to nonreviewability of a remand order is in civil rights cases. 28 U.S.C. §§ 1447(d), 1443 (1982).

In this case, the district court remanded the case because complete diversity was lacking. The absence of federal jurisdiction is a basis authorized by section 1447. The exception of section 1447(d) is not applicable. Consequently, this court has no jurisdiction to review the district court's order. *See Gravitt v. Southwestern Bell Telephone Co.*, 430 U.S. 723, 723, 97 S.Ct. 1439, 1439, 52 L.Ed.2d 1 (1977) (per curiam) (court of appeals without jurisdiction to review remand order based on lack of complete diversity).

Because we have no jurisdiction over this appeal, we may not consider the merits of appellant's argument. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379, 101 S.Ct. 669, 676, 66 L.Ed.2d 571 (1981). The appeal is dismissed.