■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN McSHAW, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Martin, J.), rendered April 16, 1984, convicting him of criminal possession of a weapon in the second degree and attempted assault in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant urges for the first time on appeal that the delay between his arrest and the commencement of trial violated his right to a speedy trial pursuant to CPL 30.20 and 30.30. As the defendant failed to raise either the constitutional claim (CPL 30.20) or the statutory speedy trial claim (CPL 30.30) in the court of first instance, the issues have been waived *(see, People v Lawrence,* 64 NY2d 200; *People v Jordan,* 62 NY2d 825; *People v Adams,* 38 NY2d 605; *People v White,* 32 NY2d 393; *People v Ruiz,* 107 AD2d 770).

Viewing the evidence in the light most favorable to the prosecution, a " 'rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " *(People v Contes,* 60 NY2d 620, 621, quoting from *Jackson v Virginia,* 443 US 307, 319; *see, People v Herriot,* 110 AD2d 851, 852).

Lastly, the defendant's claim that he was denied effective assistance of counsel is without merit since the record reflects that defense counsel was competent and provided meaningful representation to the defendant *(see, People v Baldi,* 54 NY2d 137, 146-147; *People v Satterfield,* 66 NY2d 796; *People v Morris,* 100 AD2d 630, *affd* 64 NY2d 803; *People v Levy,* 118 AD2d 804). Mollen, P. J., Thompson, Brown and Rubin, JJ.