■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Dachenhausen, J.), rendered March 9, 1984, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied the constitutional right to a speedy trial because of an eight-month delay in the criminal proceedings prior to his guilty plea (CPL 30.20). The record does not establish that this contention was raised before the trial court and it is therefore unpreserved for appellate review (see, People v Whisby, 48 NY2d 834; People v McShaw, 122 AD2d 816). To the extent that the record permits review in the interest of justice, we find, based on the factors cited in People v Taranovich (37 NY2d 442,

445), that the defendant was not denied his right to a speedy trial.

The defendant's contention that he was denied effective assistance of counsel is based on the defense counsel's failure to raise the speedy trial issue. Since the claim of ineffectiveness is based on matters outside of the record, the defendant's remedy is to bring a postconviction proceeding pursuant to CPL 440.10 *(see, People v Ortiz,* 143 AD2d 150). We note that the defendant apparently brought such a proceeding in 1986, and the merits of that motion to vacate the judgment of conviction are not before us on this appeal. In any event, in view of the absence of evidence in this record that such a speedy trial motion was meritorious, we decline to find that the defendant was deprived of meaningful representation *(see, People v Baldi,* 54 NY2d 137).

The defendant's contention that the sentence imposed is unduly harsh is without merit. He pleaded guilty with the understanding that he would receive the sentence which was actually imposed *(see, People v Buckmaster,* 139 AD2d 659; *People v Ramos,* 109 AD2d 898). Bracken, J. P., Eiber, Harwood and Balletta, JJ., concur.