Roger G. **FLITTIE**, Appellant,

v.

Herman **SOLEM**, Warden, South Dakota State Penitentiary; Mark Meierhenry, Attorney General, State of South Dakota, Appellees.

No. 87–5365.

United States Court of Appeals, Eighth Circuit.

Aug. 14, 1989.

## ORDER

Before LAY, Chief Judge, and McMILLIAN, ARNOLD, JOHN R. GIBSON, FAGG, BOWMAN, MAGILL and BEAM, Circuit Judges.

Roger G. Flittie appeals the denial of his application for writ of habeas corpus. Flittie is presently incarcerated having been sentenced under a habitual criminal statute SDCL 22–7–8. At this time Flittie essentially attacks a prior conviction which he alleges was used to illegally enhance his habitual criminal conviction. This court denied this same claim in 751 F.2d 967 (8th Cir.1985), and affirmed en banc in 775 F.2d 933 (8th Cir.1985). Assuming, but without deciding this court has jurisdiction, we find that this second petition is essentially a successive habeas corpus petition and is subject to dismissal under Rules Governing Section 2254 Cases, Rule 9(b), 28 U.S.C. foll. § 2254 (1982). The denial of the petition for writ of habeas corpus is affirmed.

WOLLMAN, Circuit Judge, did not participate in this decision.

JOHN R. GIBSON, MAGILL and BEAM, Circuit Judges, concur specially.

BEAM, Circuit Judge, with whom JOHN R. GIBSON and MAGILL, Circuit Judges, join, concurring specially.

I concur in the result reached by the majority. I also agree that Flittie's petition is, indeed, a second or successive application, subject to dismissal under Rule 9(b) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254 (1982). However, this court has no jurisdiction over the subject matter of this action, a condition precedent to the substantive evaluations contemplated by Rule 9(b).

### JURISDICTION

"[A] circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of *a person in custody* pursuant to the judgment of a state court only on the ground that he is *in custody* in violation of the Constitution or laws or treatises of the United States." 28 U.S.C. § 2254(a) (1982) (emphasis added). Thus, Flittie must have been in custody, as such status has been variously defined, with regard to the conviction or sentence under attack in order for subject matter jurisdiction to attach. *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554 (1968). A want of subject matter jurisdiction prohibits a court from considering any substantive aspects of a case or controversy. The Supreme Court as early as *Ex parte McCardle*, 74 (7 Wall.) U.S. 506, 514, 19 L.Ed. 264 (1868) stated "[j]urisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that announcing the fact and dismissing the cause." Indeed, in *McCardle*, the Supreme Court had already heard oral argument in the controversy when the Congress, as it had the power to do, eliminated jurisdiction. This principle has been repeatedly restated. *See Richardson–Merrell Inc. v. Koller*, 472 U.S. 424, 440–41, 105 S.Ct. 2757, 2765–66, 86 L.Ed.2d 340 (1985) (determining that "[t]he Court of Appeals lacked jurisdiction to entertain respondent's appeal and should not have reached the merits"); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379, 101 S.Ct. 669, 676,

66 L.Ed.2d 571 (1981) (stating that "[a] court lacks discretion to consider the merits of a case over which it is without jurisdiction"). *See also First National Bank v. Wright,* 775 F.2d 245, 247 (8th Cir.1985) (holding that "[b]ecause we have no jurisdiction over this appeal, we may not consider the merits of appellant's argument").

## THE ALLEGATIONS

Most of the facts relevant to this matter are set forth in the panel opinion filed in this case, *Flittie v. Solem,* 867 F.2d 1053 (8th Cir.1989), *vacated with reh'g granted,* No. 87–5365 (8th Cir. Mar. 21, 1989) and will not be restated. Some matters need to be repeated and additional points set forth for the sake of clarity.

Flittie is presently incarcerated in the South Dakota State Penitentiary pursuant to a 40–year sentence imposed as a result of a 1985 felony conviction. The sentence for the 1985 conviction was enhanced under S.D. Codified Laws Ann. 22–7–8 (1988) because Flittie had been previously convicted of three or more "additional" felonies. He had, in fact, been convicted of four prior serious crimes.

In the amended pleadings upon which this matter was considered in the district court, Flittie pointed out that he needed to attack two of the previous four convictions in order to be successful in reducing his current sentence. His amended petition for habeas relief stated that he was simultaneously attacking a 1980 conviction in federal court (the subject matter of this action) and a 1977 conviction in state court. He alleged that success in both attacks, federal and state, would put him in a position to require the State of South Dakota to reduce his sentence. Specifically, Flittie, in his amended petition, alleged as follows:

Petitioner is presently in custody at the South Dakota State Penitentiary as a result of a judgment of a felony conviction rendered by the South Dakota Circuit Court, Second Judicial Circuit, Minnehaha County, South Dakota, Case Number Cr 85–144. In that proceeding, the court was advised that Petitioner had four prior felonies, (See Attachment A). In accordance with SDCL 22–7–8, the sentencing court treated Petitioner as an habitual offender resulting in Petitioner being awarded a greatly enhanced sentence. The felonies listed included one felony based upon SDCL 22–37–18, receiving stolen property, a statute which had been repealed two months prior to the Petitioner's conviction on that charge. Correction of this error is presently being obtained in state court (See Attachment B). Consequently, the validity of the judgment which is the *subject of this Petition* becomes extremely critical, since its exclusion will require the *state sentencing court* to reduce the Petitioner's sentence significantly. Clearly the Petitioner is in custody because of the judgment of conviction which Petitioner is *herein attacking.*

Amended Petition for Writ of Habeas Corpus at 1–2 (emphasis added). Thus, the petition in this matter clearly points out that Flittie is attacking, in this particular case, a May 15, 1980, conviction for being an accessory after-the-fact to murder. Notwithstanding that the 1980 conviction had been fully served, Flittie contended in the district court, and in this appeal, that he met the custody requirement of 28 U.S.C. 2254(a) because of the collateral (enhancing) consequences of the 1980 conviction. In spite of the issues alleged and framed in the district court and on appeal, the majority has assumed, presumably, in order to deal with the substance of the claims under Rule 9(b), that Flittie is attacking in this case his present (1985) sentence.[1] Such an analysis is unsupported by the pleadings or the issues as otherwise framed by the parties. Such analysis is also undermined by the action taken by the majority.

There is no dispute that Flittie has long since fully served the 1980 sentence and has fully discharged all obligations imposed

---

1. The majority order states, "Assuming, but without deciding this court has jurisdiction, we find * * *." Such a statement is, to say the least, mystifying. The court either has jurisdiction or it does not have jurisdiction. And, this question must be answered at the outset in the federal courts.

as a result of his 1980 conviction. Therefore, this case is controlled by the May 15, 1989, holding of the Supreme Court in *Maleng v. Cook*, —— U.S. ——, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). In *Maleng*, as here, the petitioner sought to attack a conviction for which the sentence was fully served. He sought to establish, as in this case, subject matter jurisdiction as to the fully served crime by pointing out the enhancing (collateral) effect the crime had upon a sentence imposed for a later conviction, which later sentence Maleng was currently serving. The Supreme Court rejected the argument that the collateral (enhancing) consequences of the earlier crime established subject matter jurisdiction under the habeas statute. *Maleng*, 109 S.Ct. at 1926. The Supreme Court did find, as does the majority here, subject matter jurisdiction through a deferential reading of the pleadings, stating that the habeas petition "can be read as asserting a challenge to the 1978 [current] sentences, as enhanced by the allegedly invalid prior [fully served] conviction." *Id.* at 1927 (citation omitted). Whatever the petition stated in *Maleng*, the same cannot be said for the issues framed by the pleadings in this case. And, in my view, the holding in *Maleng* must be narrowly construed in order to avoid, in this type of case, a clash with other, well established, rules of procedure in habeas cases.[2]

In this case, the habeas petition alleges that a successful *future* attack upon the 1985 conviction may result from the vitiation of both the 1977 conviction and the 1980 conviction. Otherwise, the 40-year sentence remains within the statutory guidelines established for three or more prior offenses. The petition makes no substantive allegations whatsoever that the 1985 sentence is currently under attack.

The only reference in the record to the 1985 sentence deals with the manner in which the sentence was enhanced by the 1977 and 1980 convictions. There is no allegation in the pleadings or showing in the record that a previous attack, based upon federal rights, has ever been made in state or federal court with regard to the 1985 sentence. Thus, if, as the majority infers, the court has subject matter jurisdiction because Flittie has mounted an attack upon his 1985 sentence, the petition is not a successive habeas petition subject to dismissal under Rule 9(b), it is an initial petition concerning the 1985 sentence. The claim raised and denied in 751 F.2d 967 (8th Cir.), *aff'd en banc*, 775 F.2d 933 (1985), *cert. denied*, 475 U.S. 1025, 106 S.Ct. 1223, 89 L.Ed.2d 333 (1986); and referred to by the majority in support of its Rule 9(b) action, involved only the 1980 conviction, not the 1985 sentence.

The end reached by the majority follows a convoluted pathway through a newly imposed and previously unassaulted 1985 sentence to a Rule 9(b) dismissal of a formerly litigated 1980 claim. And, in making the Rule 9(b) dismissal, nary a word is said about the 1985 sentence, upon which jurisdiction must stand in order for the majority to dismiss the 1980 conviction as a succes-

---

2. Post-*Maleng* holdings which state, or infer, as in this particular case, that subject matter jurisdiction will automatically lie upon the simple allegation that current custody is improper because of the enhancing effect of a fully-served sentence are erroneous, or, at least, misleading. While exhaustion is not a jurisdictional requirement, *Strickland v. Washington*, 466 U.S. 668, 684, 104 S.Ct. 2052, 2062, 80 L.Ed.2d 674 (1984), subject matter jurisdiction must be established through proper pleadings, according to the nature of the case. *Rotolo v. Borough of Charleroi*, 532 F.2d 920, 922 (3d Cir.1976). Therefore, assumption of jurisdiction upon the bare allegation that a previous conviction enhances a current sentence, without consideration of potential procedural bars apparent from the pleadings, improperly broadens the holding in *Mal-*

*eng*. I have no objection to the majority assuming jurisdiction upon a legitimate attack on the 1985 sentence, at least for the limited purpose of considering the issues of exhaustion of state court remedies and the potential existence of an adequate independent state procedural bar. Such was not done here. Consideration of these matters would clearly establish that the 1985 conviction was not properly before the district court, or the panel or this court en banc. Once it is established that the attack upon the 1985 sentence is procedurally barred, as clearly shown by the pleadings and the record, this court has no subject matter jurisdiction to further consider the 1980 conviction and the petition should be dismissed on that basis and not under Rule 9(b).

sive request. The majority order is not supported by *Maleng* and will cause confusion for those litigants who attempt to analyze the requirements of state court exhaustion, *Maleng, Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) and this case.

CONCLUSION

The only matter under attack in this habeas proceeding is the 1980 conviction. The pleadings, the evidence, the briefs and the *majority order* establish such a conclusion. The matter should have been dismissed for a want of subject matter jurisdiction.