**Michael R. HOGAN, Appellant,**

v.

**STATE OF IOWA, Appellee.**

**No. 91–2573.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 15, 1991.

Decided Dec. 24, 1991.

Paul T. Shinkle of Cedar Falls, Iowa, argued, for appellant.

Thomas McGrane, Asst. Atty. Gen., Des Moines, Iowa, argued, for appellee.

Before BOWMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and BEAM, Circuit Judge.

PER CURIAM.

Michael R. Hogan appeals from an order of the district court[1] dismissing his habeas corpus petition filed pursuant to 28 U.S.C. § 2254 for lack of jurisdiction. We affirm.

Hogan is presently confined in Nevada under a sentence of death arising from a 1984 murder. *See Hogan v. State,* 103 Nev. 21, 732 P.2d 422, *cert. denied,* 484 U.S. 872, 108 S.Ct. 201, 98 L.Ed.2d 153 (1987). Hogan filed the instant habeas petition seeking to void a 1971 Iowa conviction for manslaughter, which was used as an aggravating circumstance in the penalty phase of the murder trial.

The district court correctly held that Hogan was not "in custody" for purposes of § 2254. The sentence for the 1971 Iowa conviction expired in 1974 when Hogan was discharged from parole. *See Hogan v. State,* 454 N.W.2d 360, 360 (Iowa 1990). In *Maleng v. Cook,* 490 U.S. 488, 492, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989) (per curiam), the Supreme Court held that "once the sentence for a conviction has completely expired, an individual is not 'in custody' under that conviction for purposes of habeas corpus attack (and therefore a federal court has no jurisdiction)," even though the conviction was used to enhance a subsequent conviction. *Taylor v. Armontrout,* 877 F.2d 726, 726 (8th Cir.1989) (per curiam). *See also Flittie v. Solem,* 882 F.2d 325, 326–29 (8th Cir.1989) (en banc) (Beam, J., concurring).

Moreover, it is clear that since neither petitioner nor his Nevada custodian was within the State of Iowa, a federal court sitting in Iowa lacked in personam jurisdiction to entertain Hogan's habeas petition or to grant him habeas relief. *See Lee v. United States,* 501 F.2d 494, 501 (8th Cir.1974).

Accordingly, the judgment of dismissal for want of jurisdiction is affirmed.[2] *See* 8th Cir.R. 47B.

---

1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

2. Our disposition is, of course, without prejudice to Hogan filing a habeas corpus petition challenging his death sentence in federal district court in Nevada. *See Taylor,* 877 F.2d at 726–27

(*Maleng* permits habeas challenge to current     sentence as enhanced by expired sentence).