In the Matter of the Application of
Charles Vance DESERLY for
Writ of Habeas Corpus.

No. 18091.

Supreme Court of South Dakota.

Considered on Briefs May 26, 1993.

Decided Nov. 3, 1993.

Wuest, J., concurred specially and filed opinion.

Henderson, J., concurred in part, dissented in part, and filed opinion.

Thomas W. Parliman, Sioux Falls, for petitioner and appellant Charles Vance Deserly.

Mark Barnett, Atty. Gen., and Joan Boos Schueller, Asst. Atty. Gen., Pierre, for appellee State of S.D.

MILLER, Chief Justice.

Charles Vance Deserly (Deserly) appeals an order denying his application for habeas corpus relief. We affirm.

### FACTS/PROCEDURAL HISTORY

Deserly was charged under SDCL 22–34–1 with felony intentional damage to property of more than two hundred dollars. The charges stem from an incident in which Deserly destroyed some parking gates at Sioux Valley Hospital. On December 1, 1988, Magistrate Judge Joe Neiles entered an order authorizing Deserly's release pending trial on condition that he accept the terms of a "Personal Recognizance Bond and Appearance Bond." The terms of the bond required Deserly to appear before a magistrate on December 12, 1988. The bond further informed Deserly that failure to appear at the December 12, 1988 hearing could result in a class five felony conviction. Deserly read the terms of that bond and signed it on December 2, 1988.

Furthermore, on December 1, 1988, LaDona Vansco, a Deputy Clerk of Court signed an order "for the court" setting Deserly's dispositional conference for December 12, 1988. The dispositional conference is, in essence, a settlement conference at which the defendant and defense counsel meet with the prosecuting attorney to discuss the case. After they have discussed the case they appear before a magistrate to schedule further proceedings.

On December 5, 1988, Deserly's defense attorney reminded him of his obligation to attend the December 12, 1988 dispositional conference. Nevertheless, Deserly failed to appear at the dispositional conference. On December 14, 1988, a magistrate issued a priority bench warrant and Deserly was charged under SDCL 23A–43–31 with failure to appear at a scheduled hearing.* He was arrested on January 2, 1989.

Ultimately, Deserly and the prosecutor reached a plea bargain in which Deserly agreed to plead guilty to the failure to appear charge and make restitution for the property damage. In return, the prosecutor agreed to drop the damage to property charge, agreed not to file habitual offender charges, and agreed to recommend a suspended sentence. While preparing a presentence investigation, a court services officer discovered that it cost only fifty dollars to repair the damage to the parking gates at Sioux Valley Hospital. Deserly learned this after he had pled guilty but before he was sentenced. Before Deserly was sentenced, Judge Robert Amundson asked Deserly if he wanted to stand by his guilty plea. Deserly said yes. Deserly was sentenced to five years in the penitentiary suspended on condition that he serve six months in jail (with work release), make restitution of fifty dollars for the damage to property, complete alcohol treatment and remain alcohol free, and, of course, obey all laws.

Deserly was arrested for driving under the influence of alcohol just two weeks after he was released from his six-month jail sentence. He pled guilty and admitted violating the terms of his suspended sentence. He was sentenced to an additional six months in county jail.

While in county jail, Deserly was charged with damage to property and simple assault after he punched numerous holes in the walls of the jail and hit another inmate. State also filed a habitual offender information. All charges were dismissed when Deserly admitted violating the terms of his suspended sentence. He was ordered to serve the five-year penitentiary sentence from the original conviction for failure to appear and was given credit for 266 days already served.

---

\* SDCL 23A–43–31 provides:

Any person who, having been released pursuant to this chapter, fails to appear before any court or judicial officer as required shall, subject to the provisions of this title, forfeit any security which was given or pledged for his release and, in addition, shall:

(1) If he was released in connection with a charge of a felony, or while awaiting sentence or pending appeal or certiorari after conviction of any offense, be guilty of a Class 5 felony;

(2) If he was released in connection with a charge of a misdemeanor, be guilty of a Class 1 misdemeanor; or

(3) If he was released for appearance as a material witness, be guilty of a Class 1 misdemeanor.

On August 26, 1990, Deserly escaped from the South Dakota State Penitentiary and fled to Montana. Shortly thereafter he was arrested in Montana and pled guilty to two counts of criminal mischief. The Montana court sentenced him to six years on each count, to be served concurrently with his South Dakota sentence. On September 10, 1990, South Dakota sent Montana a warrant of detention, but Deserly remained in prison in Montana. Through correspondence with officials at the South Dakota State Penitentiary, Deserly learned that he was not being credited in South Dakota for time he was serving in Montana. On August 1, 1991, Deserly formally requested that South Dakota make final disposition of his escape charge. On January 15, 1992, Deserly was arraigned in South Dakota and on January 29, 1992, he returned to the South Dakota State Penitentiary. He pled guilty to escape and was sentenced to thirty months in the penitentiary to be served consecutive to his original sentence.

Deserly filed no direct appeal. In May 1992 he filed an application for habeas corpus. After a full evidentiary hearing, the habeas court denied his application. Deserly appeals.

## WHETHER DESERLY WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

■ Deserly contends he was denied effective assistance of counsel because his attorney did not investigate the amount of damage done to the gates at Sioux Valley Hospital. Deserly argues that a cursory investigation would have revealed the damage was only fifty dollars and therefore could not support a felony conviction for damage to personal property. Deserly correctly notes that "[a]n attorney must make reasonable investigations or make reasonable decisions to forego particular investigations." *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In order to prevail, Deserly must show that his counsel was ineffective *and* there is a "reasonable probability that, but for counsel's [ineffectiveness], the results of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. *Aliberti v.*

*Solem*, 428 N.W.2d 638 (S.D.1988). Deserly claims the results would have been different because he would not have "entered the plea of guilty had he been aware that the felony criminal damage to property charge was groundless." The record demonstrates that this contention is false. After Deserly pled guilty, the court services officer discovered that the damage was only fifty dollars. Deserly learned that fact prior to sentencing. At that point he and his attorney knew the damage to the gates did not rise to the level of a felony. Yet, Deserly did not attempt to withdraw the guilty plea. In fact, at sentencing, Judge Amundson specifically asked Deserly if he still intended to plead guilty. Deserly stood by his guilty plea even when he was aware the damage to the gates was only fifty dollars. The habeas court is affirmed.

## WHETHER DESERLY'S FAILURE TO APPEAR AT THE DISPOSITIONAL HEARING WAS A VIOLATION OF SDCL 23A–43–31.

■ Deserly acknowledges that he did not appear at the December 12, 1988 dispositional conference. However, he asserts his failure to appear was not a violation of SDCL 23A–43–31 for two reasons. First, he argues that he was not *ordered* to appear before a "court or judicial officer." Second, he contends he did not receive notice that he was supposed to appear.

SDCL 23A–43–31 does not require an "order." It only discusses failure to appear before any court or judicial officer "as required." Nevertheless, Deserly was ordered to appear before the court by the terms of the magistrate's order and the personal recognizance and appearance bond he read and signed. Moreover, Deserly was also ordered to appear in court by the Order Setting Dispositional Conference signed "for the court" on December 1, 1988 by the deputy clerk of court. Deserly's counsel met with him on December 5, 1988 and reminded him of his obligation to appear on December 12, 1988. Yet, Deserly failed to appear in court on December 12, 1988. His failure to appear constituted a violation of SDCL 23A–43–31. The habeas court is affirmed.

## WHETHER DESERLY SHOULD BE CREDITED WITH TIME SERVED IN MONTANA.

When the Montana court sentenced Deserly it specified that his Montana sentence was to be served concurrently with any sentence he was serving in South Dakota. Deserly had spent approximately one year in the Montana jail before he learned that South Dakota was not crediting him for time he was serving in Montana. This discovery prompted Deserly to request to be returned to South Dakota. This transfer process took six months. Deserly argues that South Dakota should credit him for the time he served in Montana, both before and after he made the request for transfer.

■ Deserly's first argument is that when one state puts a "hold" on a prisoner in another state, the prisoner is effectively serving time for each state. *See e.g., People v. Ranson,* 153 Mich.App. 157, 395 N.W.2d 271 (1986). We are not persuaded by the analysis applied in *Ranson* because we agree with the Iowa Supreme Court's observation that it constitutes a "novel rule which would allow a sentenced criminal, by the simple expedient of escape, to select the state in which he wishes to serve his incarceration." *Williams v. State,* 280 N.W.2d 406, 408 (Iowa 1979).

■ Second, Deserly notes that the Montana court ordered his sentences were to be served concurrently. South Dakota was not a party to that action and did not assent to any determination that the South Dakota sentence should be served concurrently with the Montana sentence. Clearly, that was a proviso relevant only to the Montana courts. The Montana court did not and could not order South Dakota to give Deserly credit for time served in Montana. *See Nelson v. George,* 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970). *See also, Patino v. State,* 331 N.W.2d 837 (S.D.1983).

■ Deserly had spent a year in Montana prison before he inquired of officials at the South Dakota State Penitentiary. He formally requested a transfer to South Dakota when he learned that he was not being credited for the time he was serving in Montana. The transfer process took six months. Des-

erly contends that he should receive credit in South Dakota from the date of his application for transfer. As authority he cites *Chalifoux v. Commissioner of Correction,* 375 Mass. 424, 377 N.E.2d 923 (1978).

Chalifoux escaped from a Massachusetts prison where he was serving time for assault and battery with a dangerous weapon. Shortly thereafter, he was arrested and convicted in California for kidnapping. The California court sentenced him to one to twenty-five years in jail and specified that the sentence should be served concurrently with his Massachusetts sentence. Chalifoux requested to be returned to Massachusetts and asked Massachusetts to credit him for the time he had already served in the California prison. Massachusetts denied the request for transfer on grounds of prison overcrowding. Massachusetts also denied Chalifoux's request for credit for the time he was serving in California, *but did not inform him of its decision.* Chalifoux remained incarcerated in California and assumed he was being credited in Massachusetts. He did not learn otherwise until he was taken into custody by Massachusetts officials upon his release from the California prison. The Massachusetts Supreme Judicial Court held that fundamental fairness required that Chalifoux be given credit for the time he served in California. Because Massachusetts had not informed him that they were not giving him credit, Chalifoux remained in California prison, assumed he was being credited in Massachusetts, and did not request other possible forms of relief from the Massachusetts courts.

Deserly cannot claim any denial of fundamental fairness. He served approximately one year in Montana prison before he even inquired whether South Dakota was giving him credit for the time he was serving in Montana. South Dakota immediately informed him he was not. Deserly asked to be returned to South Dakota and the transfer process took six months. There is no evidence that the transfer was unnecessarily delayed. Deserly was not treated unfairly by South Dakota officials and must take responsibility for his own inaction on this issue. The habeas court is affirmed.

SABERS, J., concurs.

WUEST, J., concurs specially.

HENDERSON, J., concurs in part and dissents in part.

AMUNDSON, J., disqualified.

WUEST, Justice (concurring specially).

I agree with Justice Henderson's point on Issue II, that Deserly could not be convicted for failing to appear at the informal "dispositional conference." However, an examination of the settled record shows that Deserly pled guilty to an information charging him with failing to appear before a magistrate who is a judicial officer. This plea was the result of a plea bargain which kept Deserly from being charged as an habitual criminal. In addition, the property damage charge was dismissed. Deserly benefitted from this bargain and should not now be permitted to repudiate it. As Justice Henderson notes in his writing, there was damage in the amount of $500.00 to the automobile which Deserly was driving without permission. This would have provided evidence to convict Deserly of a felony or felonies, so this was not a case of an innocent person being coerced into a plea bargain. Perhaps the case could have been better handled by the prosecutor and defense counsel, but I do not find any injustice committed.

I vote to affirm the trial court.

HENDERSON, Justice (concurring in part, dissenting in part).

## ISSUE I—INEFFECTIVE ASSISTANCE OF COUNSEL

In my opinion, Deserly's trial counsel was ineffective. His counsel did not investigate the facts to determine the amount of damages which Deserly wrought. It is axiomatic that this felony criminal damage conviction would be set aside if the facts did not support the amount of damage requisite to satisfy the statute. An investigation by the Court Services Officer revealed there was only $50.00 damage to the fence. However, the record discloses that Deserly was driving his mother-in-law's automobile without permission and caused $500.00 damage to this automobile. Adding the fence damage to the automobile damage, brings the damage to a dollar amount in excess of the $200.00 statutory figure. SDCL 22–34–1.

Conceding there is the original ineffectiveness of counsel due to weak investigation, the State's case against Deserly on the felony charge is additionally saved because Deserly did not retract his guilty plea. When Deserly discovered the $50.00 damage revelation of the Court Services Officer, it was after he had pleaded guilty. But, importantly, it was before he was sentenced. Circuit Judge Amundson gave him an opportunity to retract his plea—before the sentencing process—but Deserly did not do so.

At the habeas corpus hearing, the habeas court judge emphasized the proposition that Deserly's trial counsel's ineffectiveness, with respect to the property damage was "irrelevant," because Deserly's guilty plea was for the "failure to appear" charge. Not so. The plea bargain involved *both* the failure to appear charge and the property damage charge. Perforce, the effectiveness of trial counsel's investigation pertaining to either charge was impactual upon Deserly's decision *concerning the plea bargain as a whole.* This standard of review is supported by the holding in *State v. Loughery,* 908 F.2d 1014 (10th Cir.1990). Therefore, the habeas court erred in this regard, which poses the query: Does it logically follow Deserly prevails on this issue? No. Why? Because Deserly stood by his plea even when he knew (at that time) that the damage was (supposedly) only $50.00. Having this knowledge, he persisted in a plea of guilty. In the final analysis, Deserly had to demonstrate or establish, and could not, that there was a "reasonable probability that, but for counsel's [ineffectiveness], the results of the proceeding would have been different." The second prong of the test in *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984), has not been met.

## ISSUE II—FAILURE TO APPEAR AT CRIMINAL SETTLEMENT CONFERENCE IN SECOND JUDICIAL CIRCUIT

Apparently, in the Second Judicial Circuit, to expedite the flow of criminal cases, a

creature was created termed a "dispositional conference;" this is a "settlement conference." Thereat, a representative of the state's attorney's office and defense counsel (plus the defendant) meet to have an informal discussion. Nowhere in our state code is such a proceeding mentioned. This conference is simply not a creature of statute. Said another way, it is not law.

In the Second Judicial Circuit, there exists a "Rule Three," which are court rules peculiar to that circuit. Under SDCL 23A–45–12 of our state code, local court rules may be adopted. In said circuit, this dispositional conference is an informal guideline. However, *it was not adopted as a court rule.*

Can un-adopted court rules (or guidelines—really—just a local practice) be law? I think not. It simply has no force of law. To be a legitimate child of the law, it must have a birthright. So, this takes us to the question if a felony can be perpetrated, in law, based upon a violation of an informal get together between a state's attorney (or his representative), defense counsel and defendant? I maintain that it cannot.

State strongly advocates that Deserly's felony crime was failing to appear before a magistrate. Let us examine such advocacy in light of the record. A necessary element of failure to appear, under SDCL 23A–43–31 is the requirement that the defendant, who has been released, appear "before any court or judicial officer," as emphasized below:

Any person who, having been released pursuant to this chapter, fails to appear *before any court or judicial officer* as required shall, subject to the provisions of this title, forfeit any security which was given or pledged for his release and, in addition, shall:

(1) If he was released in connection with a charge of a felony, or while awaiting sentence or pending appeal or certiorari after conviction of any offense, be guilty of a Class 5 felony; . . .

Obviously, an informal setting, trying to work out a plea bargain, *is not a court nor appearing before a judicial officer.* It is the antithesis thereof; it is an attempt to work out something on the case to avoid appearing before a court or in a judicial setting so the aura of negotiations can take place. Thereby, perhaps, the Court or judicial officer is not stained or prejudiced in the give and take process. No judge wants to sit and hear advocacy, on possible plea bargaining, in an arena of wrangling. Involvement in such a hearing would compromise the judge's objectivity.

Deserly was released on a "Personal Bond and Appearance Bond" by virtue of Magistrate Joe Neiles' Order. I set it forth below:

That the Defendant, Charles Deserly, *is to appear before Magistrate* of the 2nd Judicial Circuit at Sioux Falls, South Dakota, at the Minnehaha County Courthouse *on the 12 [sic] day of Dec, 1988,* at 1030 A.m., [sic] and in such other places as Defendant may be required to appear in accordance with any and all orders or directions relating to the Defendant's appearance in the above-entitled matter as may be given or issued by the Magistrate or the Circuit Court Judge of the 2nd Judicial Circuit or any other Court to which the Defendant may be removed, or the cause transferred; (Emphasis added.)

The bond further provided:

FAILURE TO APPEAR AT THE TIMES REQUESTED MAY RESULT IN THE CONVICTION OF A CLASS FIVE FELONY (5 years imprisonment in the State Penitentiary and/or a fine of $5,000 may be imposed) IF THE FAILURE TO APPEAR OCCURRED IN A FELONY CASE. FAILURE TO APPEAR IN A MISDEMEANOR CASE MAY RESULT IN A PENALTY OF ONE YEAR IN THE COUNTY JAIL OR $1,000 FINE OR BOTH.

Who signed the document for a "dispositional conference?" Not a judge. Not a magistrate. It was a "pre-signed" order, signed by a deputy clerk of courts, ordering (ostensibly) Deserly to appear at a dispositional conference on December 12, at 10:30 A.M.

Deserly did not appear. Remember, Deserly posted a personal recognizance bond. State could have acted upon the bond by securing his immediate arrest with a Bench Warrant. But was his action—a failure to

appear—a violation of a state statute? No. Though the bond addresses a failure to appear, it cannot alter a statutory requirement. Simply put, we have no order issued by a judicial officer (Magistrate or Circuit Judge) to appear *before any court or judicial officer,* as set forth in SDCL 23A–43–31. Furthermore, I note that a bailiff filled in the order, an order pre-signed by the deputy clerk.

Magistrate Neiles testified that a *court appearance* followed the dispositional conference.

The statute in question is plain. It requires Deserly to appear before a court or judicial officer. In arriving at the intention of the Legislature, it is presumed that the words of the statute have been used to convey their ordinary, popular meaning, unless the context or the apparent intention of the Legislature justifies any departure from the ordinary meaning. *Oahe Conservancy Subdistrict v. Janklow,* 308 N.W.2d 559 (S.D. 1981); *Wood v. Waggoner,* 67 S.D. 365, 293 N.W. 188 (1940); SDCL 2–14–1.

## ISSUE THREE—NONCREDITED TIME SERVED IN MONTANA

Without acceding to the holding of the majority opinion that Appellant was guilty of the crime of failure to appear, I generally agree to the discourse of Issue III.