**Lynn Joseph TWO EAGLE, Petitioner and Appellant,**

v.

**Walter LEAPLEY, Warden of the South Dakota Penitentiary, Appellee.**

**No. 18500.**

Supreme Court of South Dakota.

Considered on Briefs May 25, 1994.

Decided Oct. 5, 1994.

Mark Barnett, Atty. Gen., Gary Campbell, Asst. Atty. Gen., Pierre, for appellee.

Timothy J. Langley, Sioux Falls, for petitioner and appellant.

MILLER, Chief Justice.

Joseph Lynn Two Eagle appeals the circuit court's quashing of a writ of habeas corpus. He alleges he received ineffective assistance of counsel which rendered his 1989 guilty plea unknowing and involuntary. Specifically, Two Eagle alleges his attorney was ineffective by failing to discover that his 1987 aggravated assault guilty plea was neither knowing or voluntary due to alleged ineffective assistance of counsel in the 1987 action. We affirm.

## FACTS

Two Eagle was arrested in Pennington County on February 18, 1987, and charged with aggravated assault and resisting arrest after threatening a police officer with a knife. His initial appearance was on February 19, 1987. On April 2, 1987, he filed a motion for a psychological exam which was performed on April 10, 1987.

At the time, the so-called 180–day rule provided by SDCL 23A–44–5.1 stated:

> The prosecution shall dispose of all criminal cases by plea of guilty or nolo contendere, trial or dismissal within one hundred eighty days from the date the defendant

has first appeared before a judicial officer on the complaint or indictment. *Any period of delay shall be excluded if the trial court finds good cause for the delay.* In the event of the prosecution's failure to dispose of the action within the time limit required by this section, the action shall be dismissed. (Emphasis added.)[1]

The 180-day interval expired on August 19, 1987.[2] A status hearing was scheduled for August 24, 1987. When Two Eagle did not appear and his counsel was unable to explain his absence, a bench warrant was issued and he was subsequently arrested.[3] On October 5, 1987, Two Eagle pled guilty to aggravated assault and a DWI charge in exchange for the State dismissing or not filing charges of resisting arrest, failure to vacate property, two counts of intentional damage to property and a failure to appear charge. Two Eagle was sentenced to three years in the state penitentiary. He neither appealed nor filed a habeas petition concerning the conviction and served out his sentence.

On August 27, 1989, four days after his release, Two Eagle robbed a Sioux Falls 7-11 store by threatening the clerk with a knife. He was indicted on one count of robbery and three counts of burglary. State also filed a Part II Information alleging Two Eagle was a habitual offender based on the 1987 Pennington County conviction. With the advice of counsel, Two Eagle entered into a plea agreement in which State dismissed the three burglary charges and the Part II Information and he pled guilty to robbery and was sentenced to twelve years in prison.

On December 1, 1992, Two Eagle filed an application for a writ of habeas corpus, alleging his guilty plea in the 1989 conviction was not knowing and voluntary because it was based on his counsel's ineffective assistance in failing to discover the alleged invalidity of his 1987 conviction. A writ of habeas corpus was issued on April 19, 1993, a hearing was held on May 27, 1993, and the habeas court entered an order quashing the writ on September 13, 1993. Two Eagle appeals.

## DECISION

■ Habeas corpus is not a substitute for direct review. *O'Connor v. Leapley,* 488 N.W.2d 421, 422-423 (S.D.1992). Because habeas corpus is a collateral attack upon a final judgment, our scope of review is limited.[4] *Petrilli v. Leapley,* 491 N.W.2d 79, 81

1. SDCL 23A-44-5.1 was substantially amended in 1991 and now provides in relevant part:

   (1) Every person indicted, informed or complained against for any offense shall be brought to trial within one hundred eighty days, and such time shall be computed as provided in this section.

   *   *   *   *   *   *

   (4) The following periods shall be excluded in computing the time for trial:
   (a) The period of delay resulting from other proceedings concerning the defendant, including but not limited to an examination and hearing on competency and the period during which he is incompetent to stand trial; the time from filing until final disposition of pretrial motions of the defendant, including motions brought under § 23A-8-3; motions for a change of venue; and the time consumed in the trial of other charges against the defendant;
   (b) The period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel provided it is approved by the court and a written order filed. A defendant without counsel shall not be deemed to have consented to a continuance unless he has been advised by the court of his right to a speedy trial and the effect of his consent;

   *   *   *   *   *   *

   (d) The period of delay resulting from the absence or unavailability of the defendant;

   *   *   *   *   *   *

   (f) Other periods of delay not specifically enumerated herein, but only if the court finds that they are for good cause. A motion for good cause need not be made within the one hundred eighty day period.

2. The record indicates subpoenas were issued for a trial scheduled on May 21, 1987. For reasons not indicated in the record, the trial did not take place on that date.

3. At a status hearing on September 8, 1987, Two Eagle's counsel stated that he had not had time to confer with his client and that other bench warrants were involved. Two Eagle was apparently involved in other incidents in which charges of intentional damage to property, failure to vacate, and DWI were filed.

4. In order for there to have been ineffective assistance of counsel in either the 1989 conviction or the 1987 conviction, Two Eagle must show he was prejudiced because he was entitled to dismissal of the 1987 action for violation of

(S.D.1992); *Gross v. Solem,* 446 N.W.2d 49, 50 (S.D.1989). On habeas review, the petitioner has the initial burden of proof. *Alexander v. Solem,* 383 N.W.2d 486, 489 (S.D. 1986). We review the habeas court's factual findings under the clearly erroneous standard. *Phyle v. Leapley,* 491 N.W.2d 429, 433 (S.D.1992); *Ashker v. Solem,* 457 N.W.2d 473, 476 (S.D.1990).

> Habeas corpus can be used only to review (1) whether the court had jurisdiction of the crime and the person of the defendant; (2) whether the sentence was authorized by law; and (3) in certain cases whether an incarcerated defendant has been deprived of basic constitutional rights.

*Gross,* 446 N.W.2d at 50. Habeas corpus is available only where the defendant is imprisoned or restrained of his liberty. *Flittie v. Solem,* 867 F.2d 1053 (8th Cir.1989).

■ "The standard that applies in evaluating claims of ineffective assistance of counsel challenges to guilty pleas is the same standard set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)." *Cox v. Lockhart,* 970 F.2d 448 (8th Cir.1992). This Court has adopted the *Strickland* test to determine whether a defendant received effective assistance of counsel as guaranteed by article VI, § 7 of the South Dakota Constitution. *Luna v. Solem,* 411 N.W.2d 656, 658 (S.D.1987); *Woods v. Solem,* 405 N.W.2d 59, 61 (S.D.1987). The burden is on the defendant to show: (1) that counsel's performance was deficient; and (2) that defendant was prejudiced by the deficient performance.

> 'When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness.' *Strickland,* 466 U.S. at 687–88, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. 'Judicial scrutiny of counsel's performance must be highly deferential.' *Id.* at 689, 104 S.Ct. at 2065, 80

L.Ed.2d at 694. 'Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.' *Id.* at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694–95 (citing *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83, 93 (1955)).

*Primeaux v. Leapley,* 502 N.W.2d 265, 267 (S.D.1993).

## A. *The 1987 Action*

■ This Court has consistently followed the general rule that a voluntary and intelligent plea of guilty waives a defendant's right to appeal all nonjurisdictional defects in the prior proceedings. *State v. Grosh,* 387 N.W.2d 503 (S.D.1986); *State v. Janssen,* 371 N.W.2d 353 (S.D.1985); *State v. Morrison,* 337 N.W.2d 825 (S.D.1983); *State v. Culton,* 273 N.W.2d 200 (S.D.1979); *State v. Losieau,* 266 N.W.2d 259 (S.D.1978); *State v. Jordan,* 261 N.W.2d 126 (S.D.1978). "A plea is intelligent and voluntary when the accused has a full understanding of his constitutional rights and, having the understanding, waives them." *Petrilli,* 491 N.W.2d at 82. We have previously determined that non-compliance with the 180–day rule does not give rise to a jurisdictional defect or a legal error of constitutional dimensions. *State v. Anderson,* 417 N.W.2d 403, 405 (S.D.1988). Additionally, a defendant's guilty plea normally waives the statutory right to dismissal for a violation of SDCL 23A–44–5.1. *Id.*

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea.

---

the 180–day rule. Therefore, this habeas action is, in reality, a collateral attack upon the 1987 conviction under which Two Eagle is not in custody. *See Maleng v. Cook,* 490 U.S. 488, 492–

93, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540, 546 (1989); *Hogan v. Iowa,* 952 F.2d 224 (8th Cir. 1991); *Flittie v. Solem,* 882 F.2d 325, 326 (8th Cir.1989).

*State v. Crow*, 504 N.W.2d 336, 339 (S.D. 1993); *Grosh*, 387 N.W.2d at 507 (quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235, 243 (1973)). Two Eagle alleges his 1989 guilty plea was neither voluntary nor knowing because his 1987 counsel was ineffective in failing to move to dismiss the charges for violation of the 180–day rule. He asserts dismissal of the 1987 aggravated assault charge was guaranteed as a matter of right due to the lapse of 180 days.

The 180–day period expired on August 19, 1987, only five days before the scheduled August 24, 1987, status hearing. Although this was a prima facie case for dismissal under SDCL 23A–44–5.1, at least eight days of delay, from April 2, 1987 to April 10, 1987, were attributable to delay at the request of and attributable to Two Eagle's request for a psychological examination.[5] Subtracting those eight days means the August 24 status hearing was held three days before the statutory limit expired.

Additional delay after the August 24 hearing is directly attributable to Two Eagle. He failed to appear for the scheduled hearing and the trial judge was obliged to issue a bench warrant for his arrest. *See State v. Cross*, 468 N.W.2d 419 (S.D.1991) (holding where defendant escaped, statute was properly tolled). When Two Eagle finally appeared, his counsel requested additional time to prepare as "I haven't had time to talk to Mr. Two Eagles (sic)." As an additional complication, there is evidence that Two Eagle had been engaging in additional criminal activity during the period. His attorney further stated "... they arrested Mr. Two Eagles (sic) on another felony warrant in connection with this. There are some other bench warrants involved."

Although State neglected to file a motion for delay, this sparse record does not indicate any delay that can be ascribed to the State. This case reveals none of the prosecutorial abuse or ineffective scheduling practices the 180–day rule was intended to cure. *See State v. Bahm*, 494 N.W.2d 177, 179 (S.D.

1992); *State v. Ven Osdel*, 462 N.W.2d 890 (S.D.1990).

■ Counsel in the 1987 action should have filed a motion for dismissal alleging a 180–day violation or discussed the situation with his client. However, because the delay was attributable to the defendant, the 180–day limit was tolled. *State v. Kerkhove*, 423 N.W.2d 160 (S.D.1988) (finding no error when statute was tolled for delays attributable to defendant's motions). Therefore, Two Eagle has failed to prove he was prejudiced by counsel's performance. The habeas court did not err in concluding Two Eagle did not receive ineffective assistance of counsel.

Courts in other jurisdictions have reached similar results when defendants have alleged ineffective assistance of counsel due to counsel's failure to move for dismissal alleging violations of speedy trial rights. *State v. Hanson*, 138 Ariz. 296, 674 P.2d 850 (App. 1983) (counsel's failure to move for dismissal under 90–day limit was not ineffective assistance where record did not show motion would have been successful and defendant did not suffer any prejudice); *People v. Hubbard*, 148 Ill.App.3d 457, 102 Ill.Dec. 47, 50, 499 N.E.2d 604, 607 (1986) ("Where delay could be attributed to the defendant and it is not clear that a motion for discharge would have been granted, counsel's failure to file such a motion does not itself rise to ineffective assistance."); *People v. Callahan*, 95 Ill. App.3d 479, 51 Ill.Dec. 373, 420 N.E.2d 787 (1981) (where delays were attributable to defendant and court could not conclude discharge under speedy trial act would have been granted, counsel was not ineffective for failing to move for discharge); *Commonwealth v. Alves*, 6 Mass.App.Ct. 572, 380 N.E.2d 701 (1978) (where multiple defendants were responsible for delay but none suffered material prejudice, counsel was not ineffective for failing to file motion to dismiss violation of speedy trial rights); *Hindman v. State*, 597 S.W.2d 264 (Mo.App.1980) (where part of delay was attributed to defendant's mental examination and medical treatment

---

5. Although not directly applicable to this action, the revised version of SDCL 23A–44–5.1 specifically excludes periods of delay attributed to a request for a competency hearing. At a minimum, this gives a reliable indication of what was intended by good cause for delay.

and delay was in no way prejudicial, counsel was not ineffective for failing to request speedy trial); *State v. McNitt*, 216 Neb. 837, 346 N.W.2d 259 (1984) (where delay attributed to defendant tolled 6–month speedy trial period, counsel was not ineffective in failing to move to dismiss charges, especially where counsel negotiated plea agreement which substantially reduced charge against defendant); *People v. Williams*, 151 A.D.2d 795, 543 N.Y.S.2d 125 (1989), *appeal denied*, 76 N.Y.2d 744, 558 N.Y.S.2d 906, 557 N.E.2d 1202 (1990) (in the absence of evidence in record that motion for speedy trial was meritorious, counsel's failure to raise speedy trial issue was not ineffective assistance so as to affect guilty plea); *Commonwealth v. Lennox*, 250 Pa.Super. 80, 378 A.2d 462 (1977) (counsel was not ineffective in failing to move for dismissal for violation of 180–day rule where defendant was responsible for delay, thus defendant's guilty plea was voluntary and intelligent).

#### B. *The 1989 conviction.*

Two Eagle claims his 1989 attorney was deficient in failing to search the record of his prior conviction for errors. He asserts he asked the attorney if there was any way to "make it [the 1987 conviction] go away." He asserts counsel's allegedly deficient investigation negated the voluntary and knowing nature of his plea of guilty.

■■■ Two Eagle claims that searching records for prior convictions for statutory deficiencies is a "routine and ministerial" act. We agree that "an attorney must make reasonable investigations or make reasonable decisions to forgo particular investigations." *Application of Deserly*, 507 N.W.2d 905, 907 (S.D.1993) (quoting *Strickland*, 466 U.S. at 691, 104 S.Ct. at 2066, 80 L.Ed.2d at 695). The reasonableness of counsel's actions, however must be examined in light of the "presumption of regularity" that attaches to final judgments which are attacked in collateral proceedings. *Parke v. Raley*, 506 U.S. ——, ——, 113 S.Ct. 517, 523, 121 L.Ed.2d 391, 404 (1992). Further, a court must judge "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066,

80 L.Ed.2d at 695. Therefore, we must determine whether counsel's decision not to investigate Two Eagle's prior conviction was reasonable "considering all the circumstances." *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065, 80 L.Ed.2d at 694.

■■■ There is no clear standard to determine how deeply counsel is required to investigate into a defendant's criminal background and prior convictions. *Petrilli*, 491 N.W.2d at 85 (finding no prejudice resulted from counsel's failure to order the record of eight-year-old California conviction); *cf. State v. Pitsch*, 124 Wis.2d 628, 369 N.W.2d 711 (1985) (finding failure to obtain record listing defendant's prior convictions was error). Here, routine investigation would have revealed that Two Eagle had been represented by counsel in the prior proceeding, had plea bargained several charges down to one count of assault and a DWI, that there had been no direct appeal, and that Two Eagle had served out his sentence. In short, there was nothing to signal counsel there might be some infirmity in the prior conviction. Under the circumstances, counsel's lack of deeper investigation was not error "so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.

■■■ Additionally, Two Eagle has demonstrated no prejudice from any allegedly deficient performance. First, his prior conviction was never used to enhance his 1989 sentence. Second, counsel plea bargained a possible life sentence down to twelve years, half the possible sentence for the single robbery count Two Eagle pleaded guilty to.

Further, even if the former conviction had been overturned, under South Dakota law the trial court would have examined Two Eagle's behavior and criminal history in determining his sentence. "When determining a fitting sentence, the sentencing court should 'acquire a thorough acquaintance with the character and history of the man before it.'" *State v. Pack*, 516 N.W.2d 665, 667–68 (S.D.1994) (quoting *State v. Carsten*, 264 N.W.2d 707, 709 (S.D.1978)). "In other words, a conviction 'counts' unless reversed

or otherwise held invalid prior to the sentencing—but even if a judgment does not count *as a conviction,* the sentencing court is free to consider the *conduct* that led to the conviction." *Cuppett v. Duckworth,* 8 F.3d 1132, 1146 (7th Cir.1993) (emphasis in original) citing *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), *cert. denied,* —— U.S. ——, 114 S.Ct. 1226, 127 L.Ed.2d 571 (1994).

Two Eagle did not receive ineffective assistance of counsel in his 1989 conviction. The trial court's order quashing the writ of habeas corpus is affirmed.

WUEST, SABERS and AMUNDSON, JJ., and HENDERSON, Retired Justice, concur.

KONENKAMP, J., not having been a member of the Court at the time this matter was submitted to the Court did not participate.