Burley v. Amoskeag Bank          CV-94-513-JD  07/11/95
                    UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE


Tami Burley

        v.                                  Civil No. 94-513-JD

Amoskeag Bank, et al.


                              O R D E R


        The plaintiff, Tami Burley, has brought an action against

the Federal Deposit Insurance Corporation, as Receiver for

Amoskeag Bank ("FDIC"), and Property Services Company, Inc.  The

FDIC has brought a motion to dismiss on the ground that the

plaintiff has failed to adhere to the mandatory claims procedure

set forth in 12 U.S.C. § 1821(d)(3) et seq.


                            Background

        The following facts are set forth in the FDIC's motion to

dismiss.  No objection has been received from the plaintiff.

        On October 10, 1991, the Bank Commissioner of the State of

New Hampshire appointed the FDIC to act as receiver for Amoskeag

Bank.  On January 21, 1994, the plaintiff brought an action in

Hillsborough County Superior Court against Amoskeag Bank Shares,

Inc., and Property Services Company, Inc., alleging that she was

injured in a fall on April 12, 1991, on property owned by

Amoskeag Bank Shares, Inc., and maintained by Property Services

Company, Inc.  Amoskeag Bank Shares is a holding company which never owned the property on which the plaintiff was allegedly injured.  Property Services Company, Inc., is a New Hampshire corporation with a principal place of business at 70 Lowell Street, Manchester, New Hampshire.

On July 8, 1994, the superior court granted the plaintiff's motion to amend her writ to change the defendant from Amoskeag Bank Shares to Amoskeag Bank, which owned the property.  The FDIC, as Receiver, intervened in October 1994, and removed the action to this court.  The FDIC was never formally served with process by the plaintiff.  The plaintiff has never filed an administrative claim against the FDIC.

## Discussion

Claims seeking payment from the FDIC in its capacity as Receiver of assets belonging to a failed institution are governed by the Financial Institutions Regulatory and Interest Rate Control Act ("FIRREA"), Pub. L. No. 101-73, 101 Stat 183 (1989) (codified into 12 U.S.C.).  Heno v. FDIC, 20 F.3d 1204, 1206 (1st Cir. 1994).  Subsection (d) of 12 U.S.C. § 1821 regulates the filing, determination and payment of such claims.  See 12 U.S.C.A. §§ 1821(d) (West 1989).  Subsection (d)(13)(D) of § 1821 provides:

2

Except as otherwise provided in this subsection, no court shall have jurisdiction over-

> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D). The "except as otherwise provided" clause refers to § 1821(d)(5) and (d)(6)(A) which grant "de novo district court jurisdiction only after the filing of a claim with, and the initial processing of that claim by, [the FDIC]." Rosa v. Resolution Trust Corp., 938 F.2d 383, 391-92 (3d Cir. 1991), cert. denied, ___ U.S. ___, 112 S. Ct. 582 (1991).

The FDIC is required to notify creditors of the failed institution's liquidation. See 12 U.S.C. § 1821(d)(3)(B)-(C). Notice is sent to creditors appearing on the books of the failed institution. 12 U.S.C. § 1821(d)(3)(C)(i). Notice is also sent to creditors not appearing on the institution's books upon discovery of their name and address. 12 U.S.C. § 1821(d)(3)(C)(ii). Notice by publication suffices as to all others. 12 U.S.C. § 1821(d)(3)(B). Upon receiving notice, a claimant has ninety days to file a claim against the assets of the failed institution. Id. Failure to file a claim within the prescribed statutory

3

period results in automatic dismissal.  12 U.S.C. § 1821(d)(5)(C)(i).

The FDIC admits that it did not provide actual notice to the plaintiff that Amoskeag Bank had been placed in receivership. The FDIC argues that the plaintiff was not a creditor at the time receivership was instituted and that the plaintiff had constructive notice that the bank had been placed in receivership long before she filed her lawsuit.  See Palumbo v. Roberti, 839 F. Supp. 80, 84 (D. Mass. 1993).

It is not necessary for the court to determine whether the plaintiff had constructive notice.  Even assuming the FDIC failed to provide proper notice, the plaintiff is not excused from complying with the claims procedures.  Meliezer v. Resolution Trust Corp., 952 F.2d 879, 883 (5th Cir. 1992); see Guglielmi v. FDIC, No. 92-0636, 1994 U.S. Dist. Lexis 13979, * 10-11 (D.R.I. Sept. 28, 1994); FDIC v. diStefano, 839 F. Supp. 110, 118 (D.R.I. 1993); Espinoza v. DeVasto, 818 F. Supp. 438, 442 (D. Mass. 1993).  But see Palumbo v. Roberti, 834 F. Supp. 46, 50 n.3 (D. Mass 1993).  Improper notice does not justify a waiver of the requirement of exhausting administrative remedies.  Meliezer, 952 F.2d at 883; Guglielmi, No. 92-0636, 1994 U.S. Dist. Lexis 13979, * 10-11; diStefano, 839 F. Supp. at 118; Espinoza, 818 F. Supp. at 442.  FIRREA requires all parties asserting claims against

4

failed institution to participate in the administrative claims review procedure.  <u>Marquis v. FDIC</u>, 965 F.2d 1148, 1151 (1st Cir. 1992).


<u>Conclusion</u>

The defendant's motion to dismiss (document no. 10) is granted.  As a result of the elimination of the FDIC as a party to this action, no federal jurisdiction exists.  Therefore, the case must be remanded back to state court.  28 U.S.C. § 1447(c) (1994); <u>First Nat'l Bank v. Wright</u>, 775 F.2d 245 (8th Cir. 1885).  The clerk of court is directed to remand the case to the Hillsborough County Superior Court, Northern District.

SO ORDERED.


                                 _____
                                 Joseph A. DiClerico, Jr.
                                 Chief Judge

July 11, 1995

cc:  Richard J. Walsh, Esquire
     John T. Alexander, Esquire
     Dennis L. Hallisey, Esquire

5
