**Charles E. TAYLOR, Appellant,**

v.

**Bill ARMONTROUT, Appellee.**

No. 88–2558.

United States Court of Appeals,
Eighth Circuit.

Submitted May 15, 1989.

Decided June 20, 1989.

Curtis Woods, Kansas City, Mo., for appellant.

Stephen D. Hawke, Jefferson City, Mo., for appellee.

Before ARNOLD, BOWMAN and MAGILL, Circuit Judges.

PER CURIAM.

Charles E. Taylor appeals from the District Court's [1] order dismissing his petition for a writ of habeas corpus for lack of jurisdiction on the ground that Taylor did not satisfy the "in custody" requirement of 28 U.S.C. § 2254(a). We affirm.

Taylor sought relief from a 1982 state conviction entered upon a guilty plea, on the grounds, inter alia, of ineffective assistance on appeal and in his state postconviction action, and involuntariness of the plea. Taylor conceded that his 1982 five-year sentence had been served, but contended that the collateral consequences of that conviction resulted in his receiving an enhanced sentence in a subsequent criminal proceeding.

The Supreme Court recently decided this issue. The Court in *Maleng v. Cook*, — U.S. ——, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), held that once the sentence imposed for a conviction has completely expired, an individual is not "in custody" under that conviction for purposes of habeas corpus attack (and therefore a federal court lacks jurisdiction), even though the conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction. *Maleng* thus confirms that the District Court was without jurisdiction to entertain Taylor's attack on his 1982 conviction. Accordingly, the District Court's order dismissing Taylor's habeas petition for lack of jurisdiction is affirmed.

This action is without prejudice to the right of appellant to file a habeas corpus petition alleging the invalidity of his 1986 sentence as a persistent sexual offender, a

---

1. The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

sentence he claims was imposed, at least in part, on account of the 1982 conviction that he seeks to challenge in the present proceeding. As in *Maleng, supra,* the actual petition for habeas relief filed in the present case lists as the conviction under attack only the 1982 conviction, the sentence for which has been completely served. It is still open to appellant to challenge his 1986 sentence, and to assert as a ground for that challenge the invalidity of the previous, underlying 1982 conviction.[2]

---

**2.** The motion of appellant that we take judicial notice of certain court records is granted.