2 F.3d 1154
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Neil SCHLEEPER, Appellant,
v.
Paul DELO; William Webster, Appellee.
 No. 92-3322.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 15, 1993.
Filed: August 18, 1993.
 
 Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Neil Schleeper appeals from the district court's order that dismissed his petition for a writ of habeas corpus for lack of jurisdiction because Schleeper was not "in custody" within the meaning of 28 U.S.C. Sec. 2254(a) (1988). We affirm.
 
 
 2
 Schleeper filed a habeas petition in August 1991 attacking a January 1987 state conviction and one-year sentence entered upon a plea of guilty pursuant to North Carolina v. Alford, 400 U.S. 25 (1970). In his petition, he argued that the Alford plea was unconstitutionally relied upon in a December 1988 criminal conviction to designate him as a "dangerous offender." Schleeper conceded that his one-year sentence had been served, but contended that the collateral consequences of the 1987 conviction resulted in his receiving an enhanced sentence in the subsequent conviction.
 
 The Supreme Court has decided this issue:
 
 3
 The Court in Maleng v. Cook, 490 U.S. 488 (1989), held that once the sentence imposed for a conviction has completely expired, an individual is not "in custody" under that conviction for purposes of habeas corpus attack (and therefore a federal court lacks jurisdiction), even though the conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction.
 
 
 4
 Taylor v. Armontrout, 877 F.2d 726, 726 (8th Cir. 1989). The district court correctly determined that it was without jurisdiction to entertain Schleeper's attack on his 1987 conviction, and we therefore affirm the order dismissing his petition.[1]
 
 
 5
 The dismissal of this petition in no way prejudices Schleeper's pending habeas petition, which challenges his 1988 sentences[2] as enhanced by the allegedly invalid 1987 conviction. Although Schleeper can no longer challenge his 1987 conviction directly, he may still challenge his 1988 sentences and assert as a ground for that challenge the invalidity of the previous, underlying 1987 conviction. See Taylor, 877 F.2d at 727; see also Maleng, 490 U.S. at 493-94.
 
 
 6
 A true copy.
 
 Attest:
 
 
 [1]
 Because we lack jurisdiction to hear this case, we do not address Schleeper's other arguments on appeal
 
 
 [2]
 Schleeper is currently serving concurrent sentences for his 1988 conviction