**Roosevelt PARTEE, Appellee,**

v.

**Frank X. HOPKINS, Appellant.**

No. 93–3512.

United States Court of Appeals,
Eighth Circuit.

Sept. 21, 1994.

Mark D. Starr, Asst. Atty. Gen., Lincoln, NE, argued, for appellant.

Michael E. Willet, Wymore, NE, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, McMILLIAN, FAGG, BOWMAN, WOLLMAN, MAGILL, BEAM, LOKEN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

ORDER

The suggestion for rehearing en banc is denied.

ARNOLD, Chief Judge, WOLLMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges, would grant the suggestion for rehearing en banc.

The petition for rehearing by the panel is also denied.

BEAM, Circuit Judge, dissenting from denial of suggestion for rehearing en banc, joined by Judge WOLLMAN and Judge MORRIS SHEPPARD ARNOLD.

The panel opinion is clearly at odds with the established law of this circuit which, contrary to the panel's view, is not overruled by *Custis v. United States*, —— U.S. ——, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). Neither

does *Custis* support the limitation on federal habeas remedies announced in the penultimate paragraph of the panel's decision. *Partee v. Hopkins*, 30 F.3d 1011, 1012 (8th Cir. July 28, 1994). Indeed, *Custis* states a different rule. Because the holding in this case throws our existing habeas jurisprudence into confusion and disarray, I dissent from and express concern for the refusal of the court en banc to rehear this matter. The importance of this result prompts me to explain my reasons in some detail.

I begin with a statement of my understanding of the panel holding. Although Partee asserts a *Boykin*[1] violation, the panel opinion purports to preclude a constitutional collateral attack (except a *Gideon*[2] challenge) on any prior conviction used to enhance a state sentence. In other words, unless the constitutional violation involves a *Gideon* claim, an unconstitutional prior conviction used to enhance a sentence may never be collaterally attacked for the purpose of reducing the enhanced sentence. The panel believes that every prior conviction is presumptively valid and, for sentencing purposes, the presumption is irrebuttable.

For example, Partee's basic offense made him subject to imprisonment for a maximum period of five years.[3] *State v. Partee*, 240 Neb. 473, 482 N.W.2d 272, 277 (1992). Because he had two presumptively valid prior convictions he was determined to be a habitual criminal. This increased his actual sentence to "not less than 20 nor more than 50 years." *Id.*, 482 N.W.2d at 274. However, even if Partee can meet the jurisdictional requirements for a federal habeas action under 28 U.S.C. § 2254 and can establish that one or both of his earlier convictions are invalid because of abridgements to his constitutional rights, the panel opinion now re-

---

1. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) requires the record of a criminal proceeding at which a plea of guilty is accepted to show that the defendant "voluntarily and understandingly" entered the plea. *Id.* at 244, 89 S.Ct. at 1713.

2. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), established the right of an indigent defendant in a criminal trial to have the assistance of appointed counsel.

3. Partee may deserve the enhanced sentence that he has received and must now serve. However, the reach of this panel opinion to others similarly situated or to others with clearly provable constitutional claims of invalid criminal convictions makes the precedential value of this case very problematic.

quires him to serve the entire enhanced sentence without possibility of relief. This result represents neither the law of this circuit nor what the law ought to be.

Partee attempted to collaterally attack one of his two prior convictions at his state sentencing hearing through assertion of the *Boykin* claim. *Id.* The sentencing court refused to entertain this maneuver and the Nebraska Supreme Court affirmed, stating "[a] defendant cannot *in a habitual criminal or other enhancement determination* collaterally attack a prior plea-based conviction." *Id.* (emphasis added).

Partee then brought this federal habeas action under 28 U.S.C. § 2254 in which he renewed his *Boykin* claim against the same prior conviction. The district court granted relief but the panel reversed and remanded stating:

> In *Custis v. United States*, [—— U.S. ——] 114 S.Ct. 1732 [128 L.Ed.2d 517] (1994), the Supreme Court held that there is no federal constitutional right to collaterally attack a prior conviction used to enhance a sentence on any constitutional ground other than failure to appoint counsel for an indigent defendant.

*Partee,* 240 Neb. 473, 482 N.W.2d at 273. Although the panel specifically refers to a "*Boykin* claim," *id.* (and the panel opinion is, of course, incrementally less problematic if limited to a *Boykin* claim), there is no reason to believe that the panel restricts its holding to the *Boykin* issue, especially since the opinion broadly states, as indicated, that there is "no federal constitutional right to collaterally attack a prior conviction used to enhance a sentence *on any constitutional ground* other than failure to appoint counsel for an indigent defendant." *Id.* (emphasis added). This rule, according to the panel, emanates from *Custis.*

I readily concede that Nebraska or any state, by court rule or legislation, can, and probably should, limit constitutional collateral attacks at sentencing proceedings. Such hearings do not, as stated in *Custis,* lend themselves well to this type of evidentiary presentation. *Custis,* —— U.S. at ——, 114 S.Ct. at 1738. They are criminal proceedings for which discovery is often unavailable and

for which the time limitations are not conducive to effective preparation by the parties. *Id.* As noted by Chief Justice Rehnquist in *Custis,* these challenges are of "the 'fact-intensive' type that pose a risk of unduly delaying and protracting the entire sentencing process." *Id.* at ——, 114 S.Ct. at 1735. The validity of such state procedural rules is generally supported by *Parke v. Raley,* —— U.S. ——, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992), wherein the Supreme Court affirmed a state's imposition of "a burden of production on a recidivism defendant who challenges [at a sentencing proceeding] the validity of a prior conviction under *Boykin.*" *Id.* —— U.S. at —————, 113 S.Ct. at 525–26.

I also concede that a panel of this court, in an opinion dealing with a *sentencing proceeding* and not a habeas action, seems to have concluded that a state may procedurally bar a constitutional claim not asserted prior to its attempted use in a sentence enhancement proceeding. *United States v. Elliott,* 992 F.2d 853, 858 (8th Cir.1993). Assuming that this is a correct statement of the law and further assuming that Nebraska has erected such a procedural bar, (an assumption that has no support in the Nebraska cases cited in *State v. Partee,* 240 Neb. 473, 482 N.W.2d at 277), it does not follow that the usual tools for lifting the procedural bar (such as cause and prejudice and/or actual innocence, *see Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)) to allow federal habeas consideration on the merits are not available. I do not believe a panel of this court, or even this court en banc, has the authority to unravel this well-established federal habeas jurisprudence.

As earlier indicated, the panel relies on *Custis* as authority to ban a constitutional collateral attack on an enhanced state court sentence. But *Custis* simply says that in a *federal sentencing enhancement proceeding* under the Armed Career Criminal Act, 18 U.S.C. § 924(e), collateral attack on prior state convictions used to enhance the federal sentence may be precluded. *Custis,* —— U.S. at ——, 114 S.Ct. at 1739. In the next to last paragraph of *Custis,* the Court makes clear that this preclusion extends only to the

sentencing proceeding and not to a federal (or state) habeas action. The Court stated:

> We recognize, however, as did the Court of Appeals, see 988 F.2d [1355] at 1363, that Custis, who was still "in custody" for purposes of his state convictions at the time of his federal sentencing under § 924(e), may attack his state sentences in Maryland or through federal habeas review. See Maleng v. Cook, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). If Custis is successful in attacking these state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences.

Id. If, under Custis, a defendant serving a federal sentence can use a state habeas action or a federal habeas proceeding under 28 U.S.C. § 2254 or 2255 to seek to reduce an enhanced sentence, it escapes me as to how Custis can stand for the proposition, advanced by the panel in this case, that a defendant serving a state sentence cannot.

Finally, a reference to the "in custody" requirement mentioned in Custis. The panel opinion is clearly contrary to Taylor v. Armontrout, 877 F.2d 726 (8th Cir.1989). Taylor, like Partee, sought federal habeas relief under section 2254. Id. Taylor, like Partee, sought to set aside an earlier (1982) state conviction (in which his five-year sentence had been fully served) that had been used to enhance his sentence in a subsequent criminal proceeding. Id. One of the two grounds asserted by Taylor, like Partee, was a Boykin claim. Id. The court held that Taylor was not "in custody" for the 1982 conviction and that the district court was without jurisdiction to consider a habeas remedy. Id. However, the court also held, citing Maleng v. Cook, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), that Taylor was "in custody" under the enhanced

sentence and that he was entitled, in a section 2254 action, to collaterally attack the 1982 conviction in seeking to invalidate the subsequent enhanced sentence. Id., 877 F.2d at 727. That is precisely what Partee sought to do in this action. While I disagree with the Taylor court on the "in custody" status of Taylor for the reasons I stated in Flittie v. Solem, 867 F.2d 1053, 1054–56 (8th Cir.1988) and in my special concurrence in the same case on en banc consideration, Flittie v. Solem, 882 F.2d 325, 326–29 (8th Cir. 1989) (en banc),[4] Taylor is the law of this circuit unless overruled by Custis or other Supreme Court precedent. And Custis does not overrule Taylor. Custis does not deal with a civil federal habeas action, but with a criminal sentencing proceeding. Further, as earlier indicated, Custis specifically preserves the right of an "in custody" criminal defendant, like Partee, to collaterally attack an unconstitutional prior conviction through federal habeas in an effort to set aside an enhanced sentence based, in part, upon the invalid prior conviction. Custis, —— U.S. at ——, 114 S.Ct. at 1739. Absolutely nothing in State v. Partee, 240 Neb. 473, 482 N.W.2d at 277, affected this right. Nothing in Custis affects it either. For what it is worth, at least one member of the Supreme Court who joined the Custis majority has the same analysis of Custis as I do. Justice Ginsburg, dissenting in Nichols v. United States, —— U.S. ——, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994) states:

> Custis presented a forum question. The issue was where, not whether, the defendant could attack a prior conviction for constitutional infirmity. See 511 U.S. at ——, 114 S.Ct. at 1733 (Custis "may attack his state sentence in Maryland or through federal habeas review").

4. I believed then and I believe now that a straight-forward reading of the "in custody" requirements of 28 U.S.C. § 2254, and a proper analysis of Carafas v. Lavalle, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) and Maleng v. Cook, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), prohibits a federal habeas court from entertaining a suit collaterally attacking a prior conviction for which the sentence has been fully served, even one used to enhance a sentence for a later offense. Such limiting interpretation, however, would only minimally lessen the impact of this opinion. The federal courts have broadly construed the term "in custody" to include periods of probation, parole and supervised release (a term now current under the sentencing guidelines). It is not uncommon for these periods to extend for five or more years after release from incarceration. Thus, as with Custis, it is not unusual for a defendant to be "in custody" for more than one sentence at the same time.

*Id.,* —— U.S. at ——, 114 S.Ct. at 1937 (emphasis in original).

I dissent.