

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-8-1996

# Young v. Vaughn

Precedential or Non-Precedential:

Docket 95-1561

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"Young v. Vaughn" (1996). *1996 Decisions.* Paper 173.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/173

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 95-1561
_____


WALTER WASHINGTON YOUNG
Appellant
v.

DONALD T. VAUGHN; THE ATTORNEY GENERAL
OF THE STATE OF PENNSYLVANIA;
THE DISTRICT ATTORNEY FOR PHILADELPHIA COUNTY
Appellees

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 95-cv-01039

_____

Argued: March 18, 1996

Before: BECKER, McKEE and McKAY,[0] Circuit Judges


(Filed May 7, 1996)

Salvatore C. Adamo, Esquire (ARGUED)
412 Liggett Boulevard
Phillipsburg, N.J. 08865

Attorney for appellant

Deborah Fleischer (ARGUED)
Assistant District Attorney
Donna G. Zucker, Chief,
Federal Litigation
Ronald Eisenberg, Deputy District Attorney, Law Division
Arnold H. Gordon, First Assistant District Attorney

Lynne Abraham, District Attorney

---

[0] The Honorable Monroe G. McKay, Judge of the Court of Appeals for the T
Circuit, sitting by designation.

1421 Arch Street
Philadelphia, PA 19102

<u>Attorneys for appellees</u>

_____

OPINION OF THE COURT
_____

BECKER, <u>Circuit</u> <u>Judge</u>.

Walter Washington Young appeals from the district court's order dismissi

habeas corpus petition for lack of subject matter jurisdiction under 28 U.S.C. § 22

Section 2254 confers jurisdiction on United States district courts to entertain pet

for habeas corpus relief only from persons who are "in custody" in violation of the

Constitution or laws or treaties of the United States.  The Supreme Court has inter

this statutory language as requiring that, at the time his petition is filed, the

petitioner must be "in custody" pursuant to the conviction or sentence he seeks to

<u>See</u> <u>Carafas v. LaVallee</u>, 391 U.S. 234 (1968).  Because Young's petition challenges

conviction whose sentence had expired before he filed his petition, the district co

relying on <u>Maleng v. Cook</u>, 490 U.S. 488 (1989), held that Young was not "in custody

However, since Young was serving another sentence when he filed his petition -- a s

that is a collateral result of his expired conviction -- the district court should

construed his petition as challenging that sentence rather than his expired convict

In so construing Young's petition, a construction in accord with <u>Maleng</u>, we hold th

Young was "in custody" when he filed it, and hence that the district court had

jurisdiction over Young's petition to the extent that it challenges his current sen

We also must address the distinct question whether, notwithstanding the d

court's jurisdiction over Young's habeas challenge to his <u>current</u> sentence, Young m

attack his <u>expired</u> conviction in the context of this habeas petition.  We conclude

because Young's current sentence is a collateral result of his expired conviction,

3

do so.  See Clark v. Commonwealth of Pennsylvania, 892 F.2d 1142 (3d Cir. 1989), ce[

denied sub nom. Castille v. Clark, 496 U.S. 942 (1990).  In so holding, we reject t

Commonwealth's argument, based on its misreading of Custis v. United States, 114 S.

1732 (1994), that a prisoner may attack a prior expired conviction that is a predic

his current sentence only if he claims that he was denied his right to counsel in t

proceedings resulting in that expired conviction.  We therefore reverse the distric

court's order and remand for further proceedings consistent with this opinion.


## I. FACTS AND PROCEDURAL HISTORY

On October 5, 1984, Young pleaded guilty in the Philadelphia County Court

Common Pleas to burglary.  On November 14, 1989, while still on probation from his

burglary conviction, Young was tried and convicted of robbery and sentenced to one-

half to three years imprisonment.  On March 21, 1990, finding that the 1989 robbery

conviction violated the terms of Young's probation, Judge Tama Myers Clark revoked

probation on the burglary conviction and ordered him to serve ten to twenty years

imprisonment.  She later vacated that sentence pending disposition of the appeal of

1989 robbery conviction.  Then, on April 21, 1994, Judge Clark imposed a sentence o

to ten years imprisonment for violation of probation, which Young is presently serv

Having unsuccessfully challenged his 1989 conviction through direct appea

state collateral attack,[0] Young, acting pro se, filed the present habeas corpus pet

under § 2254 on February 23, 1995,[0] alleging ineffective assistance of trial and ap

---

[0] Young did not appeal his 1984 conviction, but did appeal his 1989 convict
alleging ineffective assistance of counsel, to the Superior Court.  Commonwealth v.
411 Pa. Super. 671, 593 A.2d 916 (1991).  The Pennsylvania Supreme Court denied You
request for discretionary review.  Young then filed a petition for state collateral
relief, which was denied. The Superior Court affirmed, Commonwealth v. Young, 435 P
Super. 629, 644 A.2d 811 (1993), and the Pennsylvania Supreme Court denied Young's
to file an allocatur petition nunc pro tunc.

[0] Young originally filed this petition in May 1994 but was allowed to witho
to exhaust his post-conviction remedies.

4

counsel in connection with his 1989 conviction.  Named as respondents are Donald T.

Vaughn, the Attorney General of the State of Pennsylvania, and the District Attorne

Philadelphia County (collectively "the Commonwealth").  Although the petition makes

reference to the 1984 conviction, Young did explain the relationship between the tw

convictions and his present incarceration in his "Response to Respondent's Response

Petition for Writ of Habeas Corpus," in which he contends: "Petitioner is entitled

federal habeas corpus relied [sic] since the expired conviction and sentence provid

basis for Judge Clark's revoking petitioner's probation and imposing the sentence n

being served."  Id. at 2.

Although the district court apparently did not receive this document unti

the magistrate judge filed his Report and Recommendation, the magistrate judge disc

on his own initiative that Young was incarcerated even though the 1989 sentence had

expired, and addressed the possibility that the sentence Young was serving had been

the result of the 1989 conviction.  However, he concluded that "even if that senten

used to enhance the sentence for [sic] which he is now serving, under Maleng petiti

would still not satisfy the `in custody' requirement to attack that conviction."  T

magistrate judge therefore recommended that the petition be dismissed for lack of

jurisdiction.  Young filed objections to the Report and Recommendation in which he

explained the connection between the convictions and his present incarceration.  Ho

the district court adopted the Report and Recommendation and dismissed the petition

lack of jurisdiction.

Young filed a timely notice of appeal.  We granted a certificate of proba

cause and appointed counsel for him.  We have jurisdiction under 28 U.S.C. § 1291.

review of the district court's legal conclusions, including its determination of

jurisdictional issues, is plenary.  See United States v. Luther, 954 F.2d 910 (3d C

1992).

5

## II. YOUNG'S CHALLENGE TO HIS CURRENT SENTENCE

### A. __Maleng v. Cook__

The Commonwealth contends that under <u>Maleng v. Cook</u>, 490 U.S. 488 (1989), district court lacks jurisdiction; hence, we must examine that case. Cook, the pet in <u>Maleng</u>, was convicted of robbery in 1958 in state court and was sentenced to twe years imprisonment. <u>Id.</u> at 489. While on parole from that sentence, he was convic three state crimes and, in 1978, was sentenced to two life terms and one ten year t <u>Id.</u> The 1958 conviction increased by several years the mandatory minimum term Cook required to serve. <u>Id.</u> Cook was also convicted of a federal crime while on parole that sentence was to be served before the 1978 state sentences. <u>Id.</u> While in feder prison, Cook filed a habeas corpus petition attacking the 1958 conviction, claiming it had been used illegally to enhance the 1978 state sentences. <u>Id.</u> The district dismissed the petition for lack of jurisdiction because, having served that sentenc was not "in custody" for the purposes of an attack on the 1958 sentence. <u>Id.</u> at 49

The Court of Appeals reversed. It held that Cook was "in custody" under 1958 conviction because that conviction had been used to enhance the length of his sentences for his 1978 convictions. <u>Cook v. Maleng</u>, 847 F.2d 616, 618–19 (9th Cir. The Supreme Court affirmed, but differed from the Court of Appeals in its reasoning think that [the Court of Appeals'] interpretation stretches the language `in custo far." <u>Maleng</u>, 490 U.S. at 491. The Court observed that it had "never held . . . t habeas petitioner may be `in custody' under a conviction when the sentence imposed that conviction has <u>fully</u> <u>expired</u> at the time his petition is filed." <u>Id.</u> A petit does not remain "in custody" under a conviction, the Court held, "after the sentenc imposed for it has fully expired, merely because of the possibility that the prior

6

conviction will be used to enhance the sentences imposed for any subsequent crimes

which he is convicted."[0]  Id. at 492.

Nevertheless, the Court did not reverse the Court of Appeals' decision be

under Peyton v. Rowe, 391 U.S. 54 (1968), Cook could be considered "in custody" for

1978 sentences, even though he had not started serving them.  The Court construed h

petition, "with the deference to which pro se litigants are entitled," as challengi

1978 sentences.  Id. at 493.  The Court expressed "no view on the extent to which t

conviction itself may be subject to challenge in the attack upon the 1978 sentences

it was used to enhance."  Id. at 494.


## B. Application of Maleng to this Case

In the present case, the district court has jurisdiction over Young's pet

for the same reasons the Supreme Court found jurisdiction in Maleng:  although the

district court lacks jurisdiction over a direct challenge to Young's 1989 convictio

should have construed Young's petition as attacking the sentence he is currently se

See 490 U.S. at 493-94.  While Young's petition referred only to his expired 1984

conviction, his subsequent filings provided sufficient information concerning both

1984 and 1989 convictions and their relationship to his present sentence to support

construction.[0]  Moreover, the purpose of Young's petition is presumably to terminat

sentence he is presently serving.

---

[0]  It apparently made no difference to the Court that the 1958 conviction actually
enhanced Cook's sentence for his subsequent conviction.  Id.

[0]  The Commonwealth argues that, because Young did not fully apprise the cou
the relationship between his 1989 conviction and his present custody until after th
Report and Recommendation was filed, Young effectively waived such a claim. This ar
has no merit.  As noted above, the various documents that Young filed after the mag
judge filed his Report and Recommendation explain the relationship between his sent
and convictions.  Not only should a "habeas petition [be] construed with the defere
which pro se litigants are entitled," Maleng, 490 U.S. at 493, but Fed. R. Civ. P.
states that "leave shall be freely given when justice so requires" to a party seeki
amend his pleadings.  The Commonwealth made no waiver argument in response to Young
objections to the Report and Recommendation and has cited nothing to support its in

7

It is true that the circumstances of Young's incarceration do not follow usual Maleng pattern of conviction A, whose sentence has been served, followed by conviction B, whose sentence is enhanced because of conviction A. See 490 U.S. at also Tredway v. Farley, 35 F.3d 288, 292 (7th Cir. 1994), cert. denied, 115 S.Ct. (1995); Feldman v. Perrill, 902 F.2d 1445 (9th Cir. 1990); Collins v. Hesse, 957 F. 747 (10th Cir. 1992); White v. Butterworth, 70 F.3d 573, 574 (11th Cir. 1995). How as the Commonwealth concedes, the differences do not render Maleng inapplicable. Yo presently serving a sentence which he plainly seeks to terminate and under which he currently "in custody." Thus, we hold that Young's petition should have been const challenging his current sentence, that he is "in custody" under that sentence, and the district court has jurisdiction over Young's petition. See Brock v. Weston, 31 887 (9th Cir. 1994) (construing petitioner's attack on expired conviction allegedly as a predicate for his confinement under the Washington Sexually Violent Predators an attack on that confinement).

### III. YOUNG'S CHALLENGE TO HIS PAST CONVICTION
#### A. Custis and Clark

To find that the district court had jurisdiction over Young's petition un Maleng is not also to say that Young may challenge his expired 1989 conviction in a attack on his current sentence. That is a question expressly left unanswered in Ma 490 U.S. at 494. The Commonwealth contends that in Custis v. United States, 114 S. 1732 (1994), the Supreme Court answered this question in the negative, holding that

contention that a petitioner may not seek to amend his petition after the Report an Recommendation has been filed. Since the district court must review a Report and Recommendation de novo if the petitioner files objections to it, 28 U.S.C. § 636(b) is immaterial whether the magistrate judge was in a position to construe the petiti attacking the 1984 conviction. Besides, as noted above, the magistrate judge effec addressed the argument Young raised in his objections to the Report and Recommendat albeit hypothetically, finding that even if the sentence Young was serving had been enhanced as a result of the 1989 conviction, he was not in custody under that convi

8

prisoner may not attack a prior expired conviction used to enhance his current sent

unless he claims that he was denied his right to counsel under Gideon v. Wainwright

U.S. 335 (1963), in the proceedings resulting in that expired conviction. According

Commonwealth, Custis bars Young from challenging his 1989 conviction because he mer

alleges ineffective assistance of counsel rather than denial of his right to counse

Gideon.  See Custis, 114 S. Ct. at 1738.  Therefore, under the Commonwealth's argum

not only did the district court not err in failing to construe Young's petition as

attacking his current sentence, it should have dismissed the petition even if it ha

jurisdiction.

If the Commonwealth is correct, Custis effectively overrules Clark v.

Commonwealth of Pennsylvania, 892 F.2d 1142 (3d Cir. 1989), cert. denied sub nom. C

v. Clark, 496 U.S. 942 (1990), a case curiously cited by neither party but in which

answered the question left open in Maleng.  We held there that, although the distri

court lacked jurisdiction over Clark's petitions attacking two convictions whose se

had expired, we could review those sentences because of their collateral enhancemen

the sentence that Clark was still serving.  Id. at 1143 n.2 & 1145.[0]

In support of their interpretation of Custis, the Commonwealth cites Part

Hopkins, 30 F.3d 1011, 1012 (8th Cir. 1994), cert. denied, 115 S. Ct. 1135 (1995),

the court stated that in Custis "the Supreme Court held that there is no federal

constitutional right to collaterally attack a prior conviction used to enhance a se

on any constitutional ground other than failure to appoint counsel for an indigent

---

[0]     Clark was convicted of two sexual assault charges in 1974; he completed t
sentences for both crimes in 1978.  In 1979, he was found guilty of rape and other
offenses.  In imposing the new sentence, the judge took into consideration the two
convictions.  Clark filed three separate petitions seeking federal habeas corpus re
from all three state convictions.  The district court reviewed all of his petitions
found that they lacked merit; Clark filed a notice of appeal. In the meantime, the
Court decided Maleng, following which Clark conceded that the district court did no
jurisdiction to consider the merits of the 1974 convictions.

9

defendant."  Partee applied this principle to a habeas corpus petitioner seeking t[o]
a state sentence that had been enhanced by two prior state convictions.

We are not persuaded by either Partee (whose entire discussion of the po[int]
contained in two sentences) or the Commonwealth's characterization of Custis.  In C[ustis,]
114 S. Ct. at 1734, the Supreme Court addressed only the narrow question whether a
defendant may collaterally attack prior state convictions used to enhance his sente[nce]
under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), during sentencing
proceedings under the Act.  The Court held that Congress, in enacting the ACCA, di[d not]
intend to permit collateral attacks on prior convictions during sentencing proceedi[ngs]
under the Act. Custis, 114 S. Ct. at 1735-37.  The Court also rejected the defendan[t's]
argument that the Constitution required such collateral attacks.  Id. at 1737-39. [The]
Constitution, the Court said, requires only that collateral attacks based on a fail[ure to]
appoint counsel in violation of Gideon be heard at sentencing. Id.  Thus, "§ 924(e) [does]
not permit Custis to use the federal sentencing forum to gain review of his state
convictions." Id. at 1739.

Importantly, however, the Court's conclusions regarding the ACCA and the
Constitution did not preclude Custis from challenging his prior convictions through [a]
habeas petition.  The Court noted that "Custis, who was still `in custody' for purp[oses of]
his state convictions at the time of his federal sentencing under § 924(e), may att[ack his]
state sentences in Maryland or through federal habeas review."  Id. at 1739 (emphas[is]
added). If he is successful, the Court explained, he may then challenge his enhance[d]
federal sentences.  Id.  Indeed, as noted in Brock, 31 F.3d at 890, "[t]he Court's
constitutional holding was, as its citation to Maleng evidences, clearly premised o[n the]
fact that collateral attacks based on other defects may be heard on habeas review."

Even more importantly, the Court said nothing about whether a prisoner ma[y use a]
federal habeas petition to attack an expired state conviction in the context of
challenging his current state sentence that was enhanced or otherwise affected by t[he]

10

expired conviction.  <u>Custis</u>, in other words, did not address the question left unan[swered]

in <u>Maleng</u> and therefore does not affect our decision in <u>Clark</u>.  Consequently, we de[cline]

to follow <u>Partee</u>'s interpretation of <u>Custis</u>, which appears to be shared by no other [court]

of appeals, and reject the Commonwealth's argument that <u>Custis</u> bars Young from atta[cking]

his 1989 conviction.  If a general principle is to be derived from <u>Custis</u>, it is th[e]

narrower one that "federal <u>sentencing hearings</u> are not the proper forum for address[ing the]

validity of prior convictions."  <u>United States v. Billops</u>, 43 F.3d 281, 288 (7th Ci[r.]

1994), <u>cert</u>. <u>denied</u>, 115 S. Ct. 1389 (1995) (emphasis added); <u>see</u> <u>also</u> <u>United State[s v.]</u>

<u>Morning</u>, 64 F.3d 531, 536 (9th Cir. 1995), <u>cert.</u> <u>denied</u>, 116 S. Ct. 1030 (1996).

### B.   (Non)Application of <u>Custis</u>; Application of <u>Clark</u>

Together with <u>Maleng</u>, <u>Clark</u> controls the outcome of the present appeal.  [As]

explained above, <u>Maleng</u> requires the district court to construe Young's petition as [one]

attacking the sentence he is presently serving, thereby granting it jurisdiction ov[er]

Young's petition.  Under <u>Clark</u>, a federal habeas petitioner in custody under a sent[ence]

enhanced by a prior conviction may attack that prior conviction, even if he is no l[onger]

in custody for it.  However, he may do so only in the context of a challenge to the

enhanced sentence for which he is in custody.  In other words, a prisoner may atta[ck his]

current sentence by a habeas challenge to the constitutionality of an expired convi[ction]

if that conviction was used to enhance his current sentence.

In all important respects Young's petition falls under <u>Clark</u>:  he seeks h[is]

habeas to attack a conviction whose sentence has expired but which caused the sente[nce he]

is presently serving.  Thus, he may attack the expired conviction in the context of [his]

challenge to his current sentence.  As noted above, it is true that the relationshi[p]

between Young's convictions and sentences is unusual.  Instead of <u>enhancing</u> a subse[quent]

sentence (as in <u>Maleng</u>, <u>Clark</u>, and most of the other cases cited in this opinion), [Young's]

expired 1989 conviction constituted a parole violation in his 1984 conviction, ther[eby]

11

serving as a <u>predicate</u> for his present prison sentence.  However, this difference o

makes Young's case stronger:  but for his 1989 conviction, he would not be in pris

otherwise "in custody" at all.  Young's confinement is thus even more closely relat

his 1989 conviction than if it were merely the result of a sentence enhanced by tha

conviction.  As the court noted in <u>Brock</u>:

> With an enhanced sentence the prior conviction only lengthens the period
> confinement; here, the prior conviction is a necessary predicate to the
> confinement. If anything, it is even more appropriate for a court to exam
> expired conviction in the present circumstances than for it to do so in t
> context of an enhanced sentence.[0]

31 F.3d at 890.

To allow Young to attack his expired conviction in this manner is not unu

Every court of appeals to confront the question allows a habeas petitioner to chall

conviction whose sentence has expired if he is currently incarcerated as a result o

conviction, or if it was used to enhance a sentence presently being served.  Most s

our approach in <u>Clark</u>, interpreting <u>Maleng</u> as requiring the petitioner to do so by

attacking his current sentence.  <u>See</u>, <u>e.g.</u>, <u>Tredway v. Farley</u>, 35 F.3d 288 (7th Cir

1994); <u>Crank v. Duckworth</u>, 905 F.2d 1090 (7th Cir. 1990), <u>cert. denied</u>, 498 U.S. 10

(1991); <u>Taylor v. Armontrout</u>, 877 F.2d 726 (8th Cir. 1989); <u>Brock v. Weston</u>, 31 F.3

(9th Cir. 1994); <u>Feldman v. Perrill</u>, 902 F.2d 1445 (9th Cir. 1990); <u>Collins v. Hess</u>

F.2d 746 (10th Cir. 1992); <u>Gamble v. Parsons</u>, 898 F.2d 117 (10th Cir.), <u>cert. denie</u>

U.S. 879 (1990).[0]  With the possible exception of the Eighth Circuit's decision in

---

[0]    In <u>Brock</u>, the petitioner pleaded guilty in 1974 to second degree assault;
sentence expired in 1984.  In 1991, the State of Washington filed a petition for
commitment alleging that Brock was a "sexually violent predator" within the meaning
Washington Sexually Violent Predators Act.  The state court ordered Brock's indefir
confinement.  His 1974 conviction was allegedly a predicate of that petition for
commitment. <u>Id.</u> at 888-89.  The district court dismissed Brock's petition for lack
jurisdiction.  The court of appeals reversed and remanded, instructing the district
that if it reached the merits, it should determine whether the expired conviction s
as a predicate for Brock's current commitment. <u>Id.</u> at 891.  In the present case, t
no dispute that Young's 1989 conviction was the predicate for his current incarcera

[0]    The Court of Appeals for the Fifth Circuit takes a somewhat different app
in order to challenge a conviction with an expired sentence, it is sufficient for t
petitioner to allege a "positive and demonstrative" nexus between the expired sente

we are aware of no case holding that a prisoner in custody under a sentence resulti

(or enhanced by) a conviction whose sentence has expired may not attack the prior

conviction at all.

The only disagreement concerns how he may attack that conviction. The Co

Appeals for the Fifth and Eleventh Circuits apparently allow the expired conviction

attacked directly, in contrast to most courts of appeals, which require an attack u

sentence currently being served. In practice, however, it makes little difference

petitioner states his claim because, with one exception, the courts of appeals that

our approach in Clark follow Maleng, as we have done here, and construe habeas peti

that appear to attack only the expired sentence as attacking the current sentence

instead.[0] The expired conviction may then be attacked as having improperly enhance

resulted in the present sentence. See, e.g., Gamble, 898 F.2d at 117; Brock, 31 F.

887.[0]

**IV. CONCLUSION**

---

a current enhanced sentence; if he does, the petitioner may directly attack the for
conviction. Willis v. Collins, 989 F.2d 187, 189 (5th Cir. 1993); accord Young v.
Lynaugh, 821 F.2d 1133 (5th Cir.), cert. denied, 484 U.S. 986, 108 S.Ct. 503 (1987)
v. Collins, 924 F.2d 88 (5th Cir. 1991). The Court of Appeals for the Eleventh Cir
on the other hand, has held that it makes no difference whether the petitioner atta
expired or the enhanced sentence: "This is a distinction without a difference. Wh
or not the petition is framed facially in terms of an attack on the enhanced senten
the expired sentence, the reality is that Harper is `in custody' as a result of a p
and alleged illegal conviction." Harper v. Evans, 941 F.2d 1538, 1539 (11th Cir. 1
accord White v. Butterworth, 70 F.3d 573 (11th Cir. 1995); Battle v. Thomas, 923 F.
(11th Cir. 1991).

[0] Clark did not confront this issue because Clark filed separate habeas pet
attacking all his sentences.

[0] The exception is the Court of Appeals for the Eighth Circuit, which requi
district court to dismiss petitions attacking only the completed conviction without
prejudice to filing a subsequent petition attacking the present, enhanced sentence.
Taylor v. Armontrout, 877 F.2d at 726. We decline to follow that policy as it invo
unnecessary use of scarce judicial resources.

13

Following <u>Maleng</u>, we hold that the district court erred in failing to con

Young's petition as attacking his present sentence.  We construe Young's petition a

so, and find that the district court has jurisdiction to entertain his habeas petit

Following <u>Clark</u>, we hold that Young may attack his 1989 conviction in the context o

challenge to the sentence he is presently serving.  Accordingly, the order of the o

court dismissing Young's habeas petition for lack of jurisdiction will be reversed

case remanded to the district court for further proceedings consistent with this op

We express no opinion as to whether Young has exhausted his state court remedies or

whether the claims in his petition have merit.